UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE NOBLE,<br><br>          Plaintiff,<br><br>      v.<br><br>Wells Fargo Bank, N.A., and DOES 1-50, inclusive,<br><br>          Defendant. | No. 1:14-cv-01963-TLN-GSA<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter is before the Court pursuant to Defendant Wells Fargo Bank, N.A.'s ("Defendant") Motion to Dismiss. (ECF No. 12.) The Court has reviewed Defendant's arguments, and the Opposition filed by Plaintiff Brooke Noble ("Plaintiff"). (ECF Nos. 12, 18, 21.) For the reasons set forth below, the Court GRANTS the Motion to Dismiss with leave to amend.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On or about May 6, 2013, sheriffs from Fresno County evicted Plaintiff along with her mother Marsha Kilgore ("Ms. Kilgore"), from the condominium that Ms. Kilgore owned. (ECF No. 12-3 at 27.) Plaintiff and Ms. Kilgore were evicted due to their default on a mortgage that Ms. Kilgore obtained in January of 2006. (ECF No. 12-2 at 2.)

1

The validity of the 2006 mortgage was disputed by Ms. Kilgore in a 2012 pro se action against Wells Fargo, successor to the bank that originated the 2006 mortgage. (ECF No. 12-4 at 2.) The pro se action ("Prior Action I") was dismissed because the relevant statute of limitation had been exceeded. (ECF No. 12-3 at 5.) In December of 2012, Wells Fargo filed an unlawful detainer action ("Prior Action II") against Ms. Kilgore, Plaintiff, and another party. (ECF No. 12-3 at 8.) The court granted summary judgment on the unlawful detainer action in favor of Wells Fargo, with orders that eviction not proceed before April 24, 2013. (ECF No. 12-3 at 22.)

Due to illness, Plaintiff's mother, Ms. Kilgore, required an "oxygen concentrator" machine to breathe, which must be plugged into a wall. (Compl., ECF No. 1-1 at 5.) As a result of the eviction, Plaintiff and her mother were "put out in the street." (ECF No. 1-1 at 5.) Plaintiff alleges that, due to the lockout and the stress of the eviction, Ms. Kilgore died due to an inability to breathe on October 16, 2013. (ECF No. 1-1 at 5.) On October 16, 2014, the Complaint for the instant action was filed. (ECF No. 1-1 at 2.) On December 23, 2014, Defendant filed the instant Motion to Dismiss. (ECF No. 12.) Plaintiff filed her Opposition on January 29, 2015. (ECF No. 18.) Defendant filed a Reply on February 5, 2015. (ECF No. 21.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–9 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

2

"'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed.  *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

The Complaint sets forth two causes of action — "intentional tort" and "general negligence." Although not clear from the Complaint's two causes of action, both parties construe the Complaint to also include causes of action for wrongful death with an underlying claim of involuntary manslaughter (ECF No. 12 at 1; ECF No. 18 at 7), intentional infliction of emotional distress, and negligent infliction of emotional distress (ECF No. 18 at 10–11).

#### A. Requests for Judicial Notice

Defendant requests that the Court take judicial notice of thirteen exhibits, labeled Exhibits A–M. (ECF No. 12-1.) Plaintiff requests that the Court take judicial notice of six exhibits, labeled Exhibits 1–6. (ECF No. 19.) The Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may also take judicial notice of proceedings in other courts if they have "a direct relation to the matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). However, a court may only take notice of the existence of a motion, and not the arguments contained within. *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (citing *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992)).

4

Defendant's exhibits[1] are either documents issued by government authorities, or court documents from a prior, related proceeding (Prior Actions I and II). Exhibit A is a matter of public record; "matters of public record, including publicly recorded documents, are appropriate for judicial notice pursuant to Federal Rule of Evidence 201." *Flores v. Aurora Loan Servs., LLC*, Case No. C 12-00756 RS, 2012 U.S. Dist. LEXIS 40988, *2-3 n.1 (N.D. Cal. Mar. 26, 2012) (taking judicial notice of recorded deed of trust, among other documents) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). Therefore, the Court will grant judicial notice of this exhibit.

As for Exhibits B and C, these documents reflect official acts of the United States' executive departments. *Hite v. Wachovia Mortgage*, Case No. 2:09-cv-02884, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010) (taking judicial notice of Exhibits B and C); *see also Moreno v. Wells Fargo*, 2011 U.S. Dist. LEXIS 146195, *3-4 (N.D. Cal. Dec. 20, 2011) (holding that the documents attached hereto as Exhibits B and C are judicially noticeable under Federal Rule of Evidence 201). Finally, Exhibits D-M are documents that are readily verifiable matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings.").

Therefore, the Court grants Defendant's request for judicial notice (ECF No. 12-1), and takes judicial notice of Exhibits A–D, F, H–J, and takes notice of the existence of Exhibits E, G and K–M.

Plaintiff's Exhibits 1–5 are documents from related court proceedings. The exhibits include copies of the court docket in a related court proceeding, a copy of a court order, and a copy of a preliminary injunction issued in a related proceeding. (ECF No. 19 at 1.) These proceedings have a direct relation to the matters at issue, therefore, the request for judicial notice

---

[1] The documents include: Deed of Trust recorded in the Official Records of Fresno County (Exhibit A); Letter, Office of Thrift Supervision, Department of Treasury (Exhibit B); Official Certification of the Comptroller of the Currency (Exhibit C); Order from *Kilgore v. Wells Fargo Home Mortgage* (Exhibit D); Complaint in Prior Action I (Exhibit E); Order Dismissing Action in Prior Action I (Exhibit F); Complaint in *Wells Fargo Bank, N.A. v. Robin Walker; Brooke Noble; and Marsha Kilgore* (Exhibit G); Order Granting Motion for Summary Judgment in Prior Action II (Exhibit H); Writ of Possession issued in Prior Action II (Exhibit I); Return on Writ of Possession issued in Prior Action II (Exhibit J); Memorandum of Points and Authorities in Support of Summary Judgment by Plaintiff in Prior Action II (Exhibit K); Second Brief in Support of Plaintiff's Court Ordered Continued Motion for Summary Judgment in Prior Action II (Exhibit L); Second Amended Complaint in Prior Action I (Exhibit M).

as to Exhibits 1–5 is granted.  As for Exhibit 6, it is composed of two webpage printouts: (1) www.occupy.com; and (2) www.thomhartmann.com.  (ECF No. 19 at 3.)  The printouts are reposts of an article pertaining to Ms. Kilgore that appeared in the Fresno Bee newspaper, and are no longer available.  (ECF No. 19 at 3.)  The Court may take judicial notice of exhibits if they are generally known facts within the territorial jurisdiction or they are capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably questioned.  Fed. R. Evid. 201(b).  The health or foreclosure proceedings of one person would not be a generally known fact within the jurisdiction of this Court, and the accuracy of the websites is susceptible to reasonable questions of accuracy.  Therefore, the request for judicial notice as to Exhibit 6 is denied.

### B. Res Judicata (Claim Preclusion)

Defendant argues that the Prior Actions I and II between Defendant and Ms. Kilgore preclude the instant litigation by application of the doctrine of res judicata (claim preclusion). (ECF No. 12 at 4.)  "The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005) (internal quotations omitted).  Claim preclusion is applied when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

The Ninth Circuit applies a four factor test to determine whether there is an identity of claims:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982) (internal quotations omitted)).

Whether the claims share the same transactional nucleus of facts is the most important

6

factor. *Headwaters*, 399 F.3d at 1052; *see Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (evaluating the fourth factor first where the claims involve different legal challenges). Two claims share a transactional nucleus of facts when they are related to the same set of facts and could have been conveniently tried together. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The scope of the prior action is construed narrowly when determining the "nucleus of facts" for purposes of claim preclusion. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 953 (9th Cir. 2002) (holding that action on release of water was not precluded by earlier action on release of water, even though it was the same harm, because it was a different governmental plan.)

In the instant case, the wrongful death claim is based on a different "nucleus of facts" and could not have been tried with either the first or second prior action. According to the Complaint, Ms. Kilgore died on October 16, 2013. (ECF No. 1-1 at 5.) The first prior action was filed by Ms. Kilgore on August 17, 2012. (*See* Kilgore Complaint, Ex. M at 1). The second prior action was filed by Defendant on December 19, 2012. (ECF No. 12-3 at 8.) Therefore, it would have been impossible for the instant cause of action to be tried with the previous actions for the simple reason that the mother was not yet deceased, and therefore the cause of action had not yet accrued.

Furthermore, although many of the facts are the same, the focus in the instant wrongful death action is not on whether the foreclosure and eviction was lawful, but whether Defendant either intentionally or negligently breached a duty of care owed to Ms. Kilgore in the course of the eviction. In other words, the prior causes of action focused on facts leading up to the eviction, whereas the instant motion deals with the facts of the eviction itself — the factual nucleus has shifted forward in time. Thus, claim preclusion fails because the Court finds that there is not an identity of claims between the instant action and the two prior actions.[2]

### C.     Statute of Limitations

Defendant argues that the claims are time-barred because they are the original claims of

---

[2] The Court does not consider the other factors under the doctrine of res judicata because there is no identity of claims.

7

Prior Action I, "recast" as wrongful death, and therefore they accrued when the Plaintiff first suffered injury in 2008. (ECF No. 12 at 7; *see* Order Granting Motion to Dismiss Prior Action I, ECF No. 12-3 at 4.) As discussed above in Section B, the Court finds that the wrongful death claim is not merely a recast of Ms. Kilgore's original claims. Plaintiff specifically alleges a cause of action for wrongful death, intentional infliction of emotional distress (IIED), and negligent infliction of emotional distress (NIED). The Court considers the statute of limitations for each claim in turn.

The statute of limitations for Plaintiff's wrongful death claim is governed by Cal. Civ. Proc. Code § 335.1, providing that actions for death caused by a wrongful act must be brought within two years. As noted above, the instant cause of action for wrongful death accrued on the date of Ms. Kilgore's death, October 16, 2013. (ECF No. 1-1 at 5.) The Complaint was filed exactly one year later, October 16, 2014. (ECF No. 1-1 at 2.) Therefore, the Court finds that the claim for wrongful death is not time-barred.

The statute of limitations for Plaintiff's IIED and NIED claims are also governed by Cal. Civ. Proc. Code § 335.1, providing that claims for injury caused by a wrongful act or negligence must be brought within two years. The statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of the defendant's conduct. *Cantu v. Resolution Trust Corp.*, 4 Cal. App. 4th 857, 889 (1992).

Here, Plaintiff alleges that her severe emotional distress was caused by watching the police force her mother to "unplug her oxygen." (ECF No. 12 at 14.) Plaintiff does not provide a specific date for when this event occurred, but the Writ of Possession, pursuant to which Plaintiff and her mother were evicted, was executed by the Fresno County Sheriff on May 6, 2013. (*See* Return on Writ of Possession, ECF No. 12-3 at 27.) Because the instant Complaint was filed on October 16, 2014, the Court finds that the IIED and NIED claims are not time-barred.

### D. Failure to State a Claim for Wrongful Death

Defendant argues that Plaintiff fails to allege facts that would sustain a wrongful death claim. (ECF No. 12 at 8.) A decedent's child may bring a cause of action for the wrongful death of a parent under Cal. Civ. Proc. § 377.60. The elements of a wrongful death claim are the

underlying tort (wrongful act or negligence), the resulting death, and the damages. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006); *see Norgart v. Upjohn Co.,* 21 Cal. 4th 383, 390 (1999) (holding that a wrongful death claim requires (1) a wrongful act or negligence, (2) which causes, (3) the death of another person).

Defendant argues that Plaintiff fails to allege the wrongful act required because the foreclosure was not unlawful. (ECF No. 12 at 8.) However, Plaintiff's Opposition argues that Defendant committed involuntary manslaughter by disconnecting her mother from her electricity, and thus, from her oxygen equipment. (ECF No. 12 at 7–10.) Plaintiff explains that due to the stress of the lock out, Ms. Kilgore's condition rapidly worsened and she ultimately died. (ECF No. 18 at 5.)

Due to the brevity of the facts provided, the Court can't find a causal link between the eviction and the death. As Defendant explains, Ms. Kilgore passed away more than five months after the eviction. (ECF No. 12 at 3.) The Court deems it too attenuated to conclude that being evicted five months previous was the cause of death. Furthermore, there are insufficient facts to suggest that Defendant could have foreseen that the act of eviction had a high degree of risk of death or great bodily harm. The Complaint alleges that "Defendant Wells Fargo knew that Ms. Kilgore was oxygen dependent" and would likely suffer physical harm or death as a result of her eviction. (ECF No. 1-1 at 5.) However, there are not sufficient facts alleged to support the conclusion that Defendant knew the eviction would lead to the death of Ms. Kilgore. If the Court were to allow this claim to move forward on just these facts, it would create liability for any accident that may occur after an eviction. Therefore, the Court will allow Plaintiff leave to amend to allege further facts to support the causal link.

### E.     Failure to State a Claim for IIED

Plaintiff argues that Defendant's conduct was sufficiently outrageous to support a claim for intentional infliction of emotional distress ("IIED"). One who acts in an outrageous manner while asserting economic interests may be held liable for IIED. *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 395 (1970) (collecting cases). The elements of the tort of (IIED) are:

> (1) [E]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result.

*Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (quoting *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (internal quotations omitted). Where reckless disregard is the theory used to satisfy the first element, the defendant must know of plaintiff's presence and the probability that the conduct will cause severe emotional distress. *Christensen*, 54 Cal. 3d at 905–06; *see Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 (1987) (conduct is outrageous when the acts are intentionally or unreasonably likely to result in illness through mental distress).

### 1.     Knowledge of Presence and Probability

In *Potter*, the Supreme Court of California held that an IIED claim could not be supported where there were no allegations that the defendant's conduct was carried out with knowledge that the plaintiffs were present and severe emotional injury would result. *Potter*, 6 Cal. 4th at 1002.

Here, Plaintiff does not allege that Defendant carried out the conduct with knowledge that Plaintiff was present and severe emotional injury would be a result. Plaintiff merely alleges that Defendant knew Ms. Kilgore was oxygen dependent and would likely suffer physical harm or death if evicted. (ECF No. 1-1 at 5.) The Court is unaware of any facts alleging Plaintiff's presence or the potential for her severe emotional injury. Therefore, the Court finds that there are insufficient facts to support the first prong of a claim of IIED.

### 2.     Severe Emotional Distress

The second requirement of "severe emotional distress" to sustain an IIED claim is satisfied. Emotional distress may be "any highly unpleasant mental reaction" including, *inter alia*, grief or anger. *Hailey v. California Physicians' Serv.*, 158 Cal. App. 4th 452, 476 (2007), as modified on denial of reh'g (Jan. 22, 2008) (citing *Fletcher,* 10 Cal. App. 3d at 395). To be "severe emotional distress," the emotional distress must be so substantial or enduring that "no

reasonable man in a civilized society should be expected to endure it." (*Fletcher*, 10 Cal. App. 3d at 397.)

Plaintiff alleges that she suffered severe emotional distress as a result of "watching her mother physically suffer, deteriorate, and then die." (ECF No. 1-1 at 6.) The Court thus finds that the second prong of severe emotional distress is met.

### 3. Cause of Distress

Finally, Plaintiff argues that Defendant's conduct was the actual and proximate cause of her severe emotional distress, because she was forced to watch her mother unplug her oxygen concentrator in the course of the eviction, and thereafter to watch her "deteriorate and die" in the following months. (ECF No. 1-1 at 5, 6.) However, Defendant argues that Ms. Kilgore passed away approximately five months after the conduct at issue (ECF No. 12 at 3), and that Plaintiff fails to allege facts to indicate a causal nexus between Defendant's conduct and the death of Ms. Kilgore (ECF No. 12 at 10). In *Kelley v. Conco Companies*, the plaintiff's claim for severe emotional distress resulting from workplace harassment came after he was suspended from his union. 196 Cal. App. 4th 191, 216 (2011). There, the court held that it could not establish whether the harassment or the suspension was the cause of the severe emotional distress. *Id.*

Here, Plaintiff's Complaint offers only a conclusory statement that "Defendant's actions and failure to act" in the course of the eviction "[caused] severe emotional distress[.]" (ECF No. 1-1 at 5.) Separately, in support of the negligence claim, Plaintiff alleges that she suffered emotional distress "watching her mother physically suffer, deteriorate, and die." (ECF No. 1-1 at 6.) Therefore, the Court finds some link between Defendant's conduct and the resulting emotional distress from Plaintiff watching her mother unplug her oxygen. However, there is an insufficient factual basis pleaded to find that Defendant's conduct caused Ms. Kilgore's health to fail over the course of the five months, as opposed to her health failing as a result of the illness itself.

### F. Failure to State a Claim for Negligent Infliction of Emotional Distress

Liability for negligently inflicted emotional distress ("NIED") is derived from an underlying claim for negligence. *See Dillon v. Legg*, 68 Cal. 2d 728, 733 (1968) (holding that

11

1   there is no liability for injuries to third parties when the tortfeasor is not found liable).  The

2   elements of a cause of action for negligence are: (1) the existence of a legal duty to use due care;

3   (2) a breach of that duty; and (3) the breach as a proximate cause of the plaintiff's injury.

4   *Federico v. Superior Court (Jenry G.)*, 59 Cal. App. 4th 1207, 1210-11 (1997), as modified on

5   denial of reh'g (Dec. 8, 1997).

6        The threshold element of a cause of action for negligence is the existence of a duty to use

7   due care toward an interest of another that enjoys legal protection against unintentional invasion.

8   *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992), as modified (Nov. 12, 1992).  Whether a

9   duty exists is not a "discoverable fact," but rather a legal conclusion based on the sum of policy

10  considerations.  *Hernandez v. City of Pomona*, 49 Cal. App. 4th 1492, 1498 (1996).  Policy

11  considerations include:

> [1] [T]he foreseeability of harm to the plaintiff, [2] the degree of certainty
> that the plaintiff suffered injury, [3] the closeness of the connection between the
> defendant's conduct and the injury suffered, [4] the moral blame attached to the
> defendant's conduct, [5] the policy of preventing future harm, [6] the extent of the
> burden to the defendant and consequences to the community of imposing a duty
> to exercise care with resulting liability for breach, and [7] the availability, cost,
> and prevalence of insurance for the risk involved.

16  *Hernandez v. City of Pomona*, 49 Cal. App. 4th 1492, 1498 (1996) (quoting *Rowland v. Christian*

17  69 Cal. 2d 108, 113 (1968)) (internal quotations omitted).  While not dispositive, foreseeability of

18  the risk of harm is the most important factor.  *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072

19  (1992).

20       A claim for NIED additionally requires that the plaintiff (1) is closely related to the

21  victim, (2) is present at the scene and aware that the event is causing injury to the victim, and (3)

22  suffers serious emotional distress, above what a disinterred witness would suffer and below an

23  abnormal response to the circumstances.  *Morton v. Thousand Oaks Surgical Hosp.*, 187 Cal.

24  App. 4th 926, 932 (2010) (quoting *Thing v. La Chusa*, 48 Cal. 3d 644, 667–68 (1989)).

25       In the instant case, the Complaint fails to allege facts that would satisfy the threshold

26  question of duty, or further, a claim for negligence.  The Complaint merely states the elements for

27  a negligence cause of action. (ECF No. 1-1 at 6.)  For example, the complaint states "[Defendant]

28

had a general duty of due care to ensure the safety and welfare of [Ms. Kilgore], who was being evicted from her home by [Defendant]." (ECF No. 1-1 at 6.)  There are no facts to indicate Defendant would have been able to foresee that harm would result by evicting Ms. Kilgore — only conclusions that Defendant "knew she was oxygen dependent" (ECF No. 1-1 at 5) and that it was "reasonably foreseeable" to Defendant that "a lockout would cause injury." (ECF No. 1-1 at 6.)  Thus, there are no facts to find that Defendant owed a duty to Ms. Kilgore.  In order to sustain a cause of action for negligence, there must be facts alleged to support each element.  Absent these facts, the Court is unable to find that the Complaint adequately pleads a cause of action for negligence.

### G. **CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS the Motion to Dismiss. (ECF No. 12.)  The Court grants Plaintiff leave to amend in order to allege facts that may support the elements of the claims for involuntary manslaughter, IIED, and NIED, as set forth above.  Should Plaintiff elect to amend, it must be filed with this Court within twenty-one (21) days from the entry of this order.

IT IS SO ORDERED.

Dated:  September 24, 2015

Troy L. Nunley
United States District Judge