UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BROOKE NOBLE,

        Plaintiff,

   vs.

WELLS FARGO BANK, N.A., *et al.*,

        Defendants.

Case No. 1:14-cv-01963-DAD-EPG

ORDER AFTER IN CAMERA REVIEW

Plaintiff initiated this action on December 10, 2014.  (ECF No. 1)  A First Amended Complaint was filed on October 15, 2015. (ECF No. 25.)  After a ruling on the Defendants' motions to strike and/or dismiss on July 5, 2016, three claims remain against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (ECF No. 86.)  Specifically, this case is proceeding on Plaintiff's wrongful death, negligent infliction of emotional distress and intentional infliction of emotional distress claims against Wells Fargo. (*Id.*)

The Court held a hearing on the motions to compel on January 12, 2017. (ECF No. 110.)  Plaintiff's counsel Lenore Albert and Defendant's counsel Kamran Javandel telephonically appeared on behalf of their clients. (*Id.*)  For the reasons stated on the record and in a follow-up order issued January 7, 2016 (ECF Nos. 111-12), the motions to compel (ECF Nos. 107, 019) were granted, in part, and denied, in part.

In Plaintiff's motion to compel, and as further explained in a letter submitted with the

motion and at oral argument, Plaintiff challenged defendant's withholding of certain documents and portions of documents on the ground of attorney-client privilege.  Plaintiff asserted that Wells Fargo redacted numerous documents but failed to produce a privilege log. Federal Rule of Civil Procedure 26(b)(5) requires a party claiming privilege to: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).  Wells Fargo conceded that it did not produce a privilege log despite its assertions of privilege in its redactions.

The Court ordered Wells Fargo to produce a privilege log by January 27, 2017. (ECF No. 112.)  Plaintiff also raised a concern that Wells Fargo may be over-redacting the documents it produced.  Plaintiff specifically challenged an email chain from approximately the time of the eviction in question.  Plaintiff noted clear omissions including names of people in communication.  Plaintiff requested the basis of redactions in one particular email.  Defense counsel represented that the communication reflected attorney client privileged communications between a business person and an attorney named Jan.

At the motion hearing, the Court directed Wells Fargo to submit a document at issue (WF811-861) for *in camera* review.[1]  The Court has completed its *in camera* review and makes the following findings.

## A.  Legal Standards

Because this case is proceeding on Plaintiff's state law claims, the issue of privilege in this litigation is a question of the state law of California. *See* Fed. R. Evid. 501 (providing that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *see also Kandel v. Brother Int'l Corp.*, 683 F. Supp. 2d 1076, 1081 (C.D. Cal.

---

[1] The Court notes that it received two sets of redacted documents *in camera*: 1) "showing redacted text", and 2) "redacted."  It appeared that there was additional information redacted in the "redacted" file that was not shown as redacted in the "showing redacted text" file.  The Court is basing its rulings on the "showing redacted text" file.  The additional information contained in the "redacted" file should be disclosed to the extent it was not previously disclosed.

2010) ("In a federal action such as this based on diversity of citizenship jurisdiction, state law governs attorney-client privilege claims.") (citations omitted).

Under the California attorney-client privilege, parties are entitled to withhold a confidential communication "between a client and his or her attorney made in the course of an attorney-client relationship." *Palmer v. Superior Court*, 231 Cal. App. 4th 1214, 1224, 180 Cal. Rptr. 3d 620, 627 (Cal. 2d Dist. 2014) (citations omitted).  California law defines a "confidential communication between client and lawyer" as:

> [I]nformation transmitted between a client and his or her lawyer in the course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Cal. Evid. Code § 952.  "The attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material." *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 734, 219 P.3d 736, 741 (Cal. 2009) (explaining that "[n]either the statutes articulating the attorney-client privilege nor the cases which have interpreted it make any differentiation between 'factual' and 'legal' information").

"The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." *Costco,* 47 Cal. 4th at 733, 219 P.3d at 741 (citations omitted).  "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Id*.

Evidentiary privileges, such as the attorney-client privilege, "should be narrowly construed because they prevent the admission of relevant and otherwise admissible evidence."

3

*McKesson HBOC, Inc. v. Superior Court*, 115 Cal. App. 4th 1229, 1236, 9 Cal. Rptr. 3d 812, 817 (Cal. 1st Dist. 2004) (citations omitted).  The attorney-client privilege does not apply merely because an attorney communicates with his client. *See Aetna Cas. & Sur. Co. v. Superior Court*, 153 Cal. App. 3d 467, 475, 200 Cal. Rptr. 471, 476 (Cal. 1st Dist. 1984).  "Knowledge which is not otherwise privileged does not become so merely by being communicated to an attorney." *Costco*, 47 Cal. 4th at 735, 219 P.3d at 742. The attorney-client privilege does not attach to communications where "the client's dominant purpose in retaining the attorney was something other than the request for a legal opinion or advice," such as where the attorney was acting as a negotiator for the client or merely providing business advice. *See Aetna*, 153 Cal. App. 3d at 475, 200 Cal. Rptr. at 476.

The California work product doctrine codified in section 2018 "provides a privilege for matter prepared in anticipation of litigation." *Dowden v. Superior Court*, 73 Cal. App. 4th 126, 129, 86 Cal. Rptr. 2d 180, 182 (Cal. 4th Dist. 1999) (citation omitted).  The work product doctrine "absolutely protects from discovery writings that contain an 'attorney's impressions, conclusions, opinions, or legal research or theories.'" *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 814, 171 P.3d 1092, 1097 (Cal. 2007) (citations omitted).  Work product protection extends to documents prepared by non-attorneys at the attorney's direction if the documents contain the attorney's thoughts and impressions. *See id*.  Work product is not discoverable "unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice." *Id*. (quoting California Code of Civil Procedure section 2018.030).

### B.  Application to WF811-861

As an initial matter, the Court takes issue with the fact that defense counsel misrepresented the status of one of the persons on the communication at issue.  At oral argument, defense counsel represented that "Jan" (i.e. Janet L. Branch) was a lawyer.  Ms. Branch is not a lawyer-she is a paralegal.  This is a critical distinction for the purposes of

4

attorney client privilege.[2]  The attorneys involved in the communications are: Kenneth A.

Franklin, Johnathan Collins, Gene Wu, Mark T. Flewelling, and Michael B. Goldberg.[3]

With the above framework in mind, the Court makes the following rulings regarding

Wells Fargo's redactions:

1.   WF813

Redaction(s) sustained.  Attorney work product.

2.   WF814

Redaction(s) overruled.  The redacted material is general in subject matter and does not

disclose the content of the advice.  Although the elimination of the redaction would reveal the

topic of a question posed to legal counsel, the Court finds that it is merely a description of the

nature of the communication, similar to what would be provided in a privilege log. *See* Fed. R.

Civ. P. 26(b)(5)(A)(ii).  Thus, the information is not protected.

3.   WF826-827

Redaction(s) overruled.  The communications are between non-attorneys and are not

passing along the advice of other attorneys, nor made in the provision of legal advice from an

attorney.  The remainder is ministerial and does not describe any attorney-client

communication.

4.   WF828

Redaction(s) sustained, in part, and overruled, in part.  In the communication dated

September 25, 2013 3:35 p.m., the first paragraph describes a business meeting and business

decision resulting from that meeting.  It does not describe any communications made for the

---

[2] It is acknowledged that, although communications between a paralegal (or other legal staff) and the client are technically not privileged, such a communication may be privileged when the purpose of the communication is in furtherance the provision of a legal opinion or legal advice. *See Ins. Co. of N. Am. v. Superior Court*, 108 Cal. App. 3d 758, 765, 166 Cal. Rptr. 880, 884 (Cal. 2d Dist. 1980) ("While involvement of an unnecessary third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably necessary to further the purpose of the legal consultation preserves confidentiality of communication.").  Thus, a disclosure reasonably necessary to accomplish the corporate client's purpose in consulting counsel is protected from discovery by the attorney-client privilege. *Id.*  That said, there is still a material difference under the law between communications with an attorney and a paralegal.
[3] Counsel for Wells Fargo provided this information *in camera* at the request of the Court to aid its analysis.

purpose of legal advice or the content of any legal advice.  While this communication as a whole arguably combines business and legal purposes, the Court finds that the first paragraph should be disclosed consistent with the guide to narrowly construe the privilege.  That said, Defendant may redact the phrase in the first line of that paragraph, from the seventh word to the sixteenth word.

The redactions are sustained as to the remainder of the redacted text.

5.  WF829-836

Redaction(s) sustained.

6.  WF849

Redaction(s) sustained.

7.  WF858-59

Redaction(s) sustained.

8.  WF860

Redaction(s) sustained.

**C.  Conclusion**

Wells Fargo is ordered to modify its redactions consistent with this order and produce the modified documents to Plaintiff within 14 days.  In light of the guidance provided in this order, counsel for Wells Fargo is advised to re-examine its previous redactions and make any necessary modifications.

IT IS SO ORDERED.

Dated:   **January 18, 2017**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE