UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE NOBLE,<br><br>             Plaintiff,<br><br>     vs.<br><br>WELLS FARGO BANK, N.A., *et al*.,<br><br>             Defendants. | Case No. 1:14-cv-01963-DAD-EPG<br><br>ORDER RESOLVING DISCOVERY DISPUTE AS TO THE LOCATION OF THE NEW RULE 30(B)(6) DEPOSITION |

A.  **Background**

A Rule 30(b)(6) deposition of Defendant Wells Fargo occurred on January 20, 2017 in San Francisco, California.  Following that deposition, Plaintiff filed a motion to compel and for sanctions requesting that a new Rule 30(b)(6) deposition be compelled and that sanctions enter as a result of conduct impeding the January 20 deposition. (ECF No. 129)

On February 27, 2017, the Court granted, in part, and denied, in part, Plaintiff's motion to compel and for sanctions (ECF No. 129). (ECF No. 138.)  Specifically, the Court ordered an additional seven-hour Rule 30(b)(6) deposition of Wells Fargo. (*Id*.)  Additionally, the Court set forth a procedure for agreeing on the scope of that deposition, with the Court having input into any disputes in advance of the deposition. (*Id*.)  The Court also denied Plaintiff's request for sanctions. (*Id*.)

On March 3, 2017, the parties, as directed, jointly filed a list of deposition topics with a

statement as to whether or not the topic is accepted or disputed. (ECF No. 140.) On March 6, 2017, the Court held a discovery dispute conference wherein certain disputed topics were resolved on the record. (ECF Nos. 141-42.)

This order addresses the discovery dispute concerning the location of the new Rule 30(b)(6) deposition. Plaintiff's counsel argues that the new deposition should take place in the county where her office is located, Orange County, California. Wells Fargo maintains that the new deposition should occur again in San Francisco, the principal place of business for Wells Fargo. Both sides have filed briefs setting forth their legal positions. (ECF Nos. 142-43.)

**B. Legal Standards**

Generally, "[a] party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed.R.Civ.P., designating a different place." *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005) (citing *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C.1988) (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2112 at 403 (1970))).

"A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994), *as amended* (July 25, 1994) (citing *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir.1987), *cert. dismissed*, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988)).

According to other courts reaching the issue—none of which are binding on this court, but which nevertheless provide guidance for the Court--a Rule 30 deposition of a corporate party deponent should ordinarily be taken at its principal place of business. *Cadent*, 232 F.R.D. at 628 (citing Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2112 at 84–85 (1994 rev.)). However, "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum [where the action is pending], for the convenience of all parties and in the general interests of judicial economy." *Id*. (collecting cases).

In addition to the convenience of the parties and the interests in judicial economy,

courts have considered the following factors when analyzing whether a corporate deposition should be set in a location other than its principal place of business:

> 1) Location of counsel in the forum district; 2) Number of corporate representatives to be deposed; 3) Likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; 4) Whether the persons sought to be deposed often engage in travel for business purposes; 5) The equities with regard to the nature of the claim and the parties' relationship.

*Stonebreaker v. Guardian Life Ins. Co*., 820 F. Supp. 2d 1096, 1098–99 (S.D. Cal. 2011) (citing *Cadent*, 232 F.R.D. at 629).

Rule 30 does not state where depositions under that rule should take place, apart from requiring that the notice specify the location of the deposition. Rule 30(a)(1) states in relevant part that "The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Rule 45 includes a provision addressing "Place of Compliance" for a deposition, among other proceedings, and states that "A subpoena may command a person to attend a . . . deposition only as follows . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is a party or a party's officer . . . ."

The parties dispute the applicability of Rule 45, especially in light of defects in Plaintiff's Rule 45 subpoena such as the lack of witness fees. The Court has trouble reconciling the plain language of Rule 45 with the practice that corporate entities are ordinarily deposed at their principal place of business, and does not believe the cases cited from the parties put that issue to rest. Nevertheless, the Court takes comfort in the Advisory Committee notes to the 2013 Amendment to Rule 45, which explains in any event that "the courts retain their authority to control the place of party depositions . . . ."

**C. The Parties' Positions Concerning Location**

Plaintiff argues that the relative hardships of the parties favor ordering that the new deposition should occur in Orange County. First, Plaintiff's counsel asserts that scheduling the deposition in San Francisco would be burdensome due to "fog concerns" requiring Plaintiff's counsel to expend additional hotel expenses. She argues that such concerns are non-existent in

Orange County.  Furthermore, Plaintiff contends that the problems at the January 20 deposition were the result of Defendant's conduct, which necessitated the scheduling of the second deposition.  Finally, Plaintiff asks the Court to weigh the relative financial burdens to each party and suggests that Wells Fargo has more financial means to travel to Orange County for the deposition.

Wells Fargo argues that there are no unusual circumstances to support departing from the general presumption that a Rule 30(b)(6) deposition should occur at its principal place of business.  Wells Fargo will designate two witnesses to testify on its behalf: 1) Brian Kreitzer (employed in Pleasanton, California); and 2) a to-be-determined witness from its Customer Care & Recovery Group (CCRG) (all potential witnesses employed in Iowa).  Defense counsel's office is located in San Francisco.  Thus, the tasks of preparing the witnesses in the days prior to the deposition would be completed "most efficiently" in San Francisco, according to Wells Fargo.  It is further argued that the relative travel costs of would significantly higher for Wells Fargo than Plaintiff because the witnesses would need to travel to Orange County, where none of them are located.

**D.  Analysis**

Because both proposed locations of the new deposition are outside of the forum District, some of the factors identified in *Stonebreaker* and *Cadent* are not applicable, such as location of counsel in the forum district and likelihood of significant discovery disputes arising which would necessitate resolution by the forum court.  Similarly, very little weight was applied to whether the persons sought to be deposed often engage in travel for business purposes and the number of corporate representatives to be deposed.

However, the factors of convenience of the parties and judicial economy weigh slightly in favor setting the new deposition in San Francisco, where at least one witness resides and where defense counsel can more easily prepare the witnesses.  The Court is also mindful of the burden of expense on Plaintiff's counsel, especially in light of the shortfall in the preparation of the prior 30(b)(6) witness, which has been discussed extensively among the parties and the court.

After weighing all facts, the Court finds that the continuation Rule 30(b)(6) deposition will take place in San Francisco. However, because the necessity of the new deposition is at least partially a result of Wells Fargo's conduct in the previous deposition, and because this location imposes an unequal burden on Plaintiff's counsel, the Court will *fully* shift the travel expense for Plaintiff's counsel to Wells Fargo pursuant to Rule 26 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c)(1)(B); *See also, e.g., Cadent*, 232 F.R.D. at 630 (partially shifting costs of deposing corporate party after setting deposition in location that would save the other party considerable expense).

IT IS SO ORDERED.

Dated:  **March 8, 2017**                    /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE