UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE NOBLE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO BANK, N.A., *et al*.,<br><br>　　　　Defendants. | Case No. 1:14-cv-01963-DAD-EPG<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND FOR SANCTIONS<br><br>(ECF No. 123) |

### I.　　BACKGROUND

This case is proceeding on Plaintiff's wrongful death, negligent infliction of emotional distress and intentional infliction of emotional distress claims against Wells Fargo. Plaintiff's allegations stem from the manner that Wells Fargo evicted Plaintiff's mother, Marsha Kilgore, who was on oxygen and died shortly after the eviction due to respiratory failure.

On January 30, 2017, Wells Fargo moved for an order: 1) to compel Plaintiff's production of medical records; 2) for an order to show cause concerning non-party Dr. Latif Ziyar's failure to comply with Wells Fargo's Subpoena; and 3) for sanctions against Plaintiff's counsel Lenore Albert. (ECF No. 123.) Because Wells Fargo received the requested medical records, that portion of the motion is moot. As to the remainder, the Court now denies the motion for sanctions against Plaintiff's counsel and grants the motion as to Dr. Ziyar.

\\\

**II.     MOTION FOR SANCTIONS**

Wells Fargo has moved for sanctions against 1) Plaintiff's counsel and 2) third-party Dr. Latif Ziyar for their failure to produce Plaintiff's mental health records prior to her deposition. (ECF No. 123, p. 2 ¶ 4.) Wells Fargo first requested the mental health records from Plaintiff on November 4, 2016. (ECF No. 123-1, p. 1 ¶ 2.) In response to the Rule 34 request for production, Plaintiff produced a 1-page "Appointment Report" listing dates of five visits to Latif Ziyar, M.D., starting July 23, 2016. (*Ibid*.)

On January 6, 2017, Wells Fargo issued a subpoena for production of records to Dr. Latif Ziyar pursuant to Federal Rule of Civil Procedure 45. (ECF No. 123-2, pp. 2-7.) On January 9, counsel for Wells Fargo received an invoice from Dr. Ziyar for $100 for "Labor for printing and faxing Electronic Medical Record." (*Id*. at 9.) Wells Fargo thereafter contacted Dr. Ziyar's office on two occasions to explain that Wells Fargo is not obligated to pay labor costs for subpoena compliance. (ECF No. 123-1, p. 2 ¶ 5.) Dr. Ziyar's office responded, in both instances, that it would not comply until compensation was given. (*Ibid*.)

Wells Fargo moved to compel production of records, and the Court held a hearing on the motion to compel on January 12, 2017. (ECF No. 110.) The court granted the motion, ordering Plaintiff to produce her mental health records.[1] (ECF No. 111, p. 3.)

On January 19, 2017, counsel for Wells Fargo sent a check to Dr. Ziyar for $100, along with a letter explaining that while he was not entitled to the fee, it had decided to pay the fee in an effort to avoid the time and expense of a motion, and because Plaintiff's February 1 deposition was rapidly approaching. (ECF No. 123-1, p. 2 ¶ 7.) The next day, Dr. Ziyar's office informed Wells Fargo that it would not release the mental health records because Plaintiff had not given her consent to release the records. (*Id*. ¶ 8.)

Wells Fargo thereafter made requests to Plaintiff's counsel to obtain the required consent. (*Id*. at 3 ¶¶ 9-12.) Wells Fargo claims that Plaintiff and Dr. Ziyar ignored the requests. (*Ibid*.) Having still not received the medical records a day before Plaintiff's scheduled

---

[1] The scope of medical records was limited to January 1, 2012 to the present.

2

deposition on February 1, 2017, Wells Fargo filed the instant motion to compel production of Plaintiff's mental health records and for sanctions against Plaintiff's counsel and Dr. Ziyar for their failure to timely produce the records. (ECF No. 123.)  Dr. Ziyar received notice of the filing of the motion. (*Id*. at 2.)

After filing to motion to compel on January 31, 2017, Wells Fargo received Plaintiff's mental health records, including Plaintiff's release signed that day. (ECF No. 126, p. 2.)  While acknowledging that the motion to compel portion was moot as a result of receiving the records, Wells Fargo wishes to pursue sanctions for Plaintiff's counsel and Dr. Ziyar's non-compliance. (*Ibid*.)

### III.    SUBSEQUENT PROCEDURAL BACKGROUND

The court held a status conference on February 27, 2017 and heard oral argument regarding Defendant's motion for sanctions (ECF No. 137.)  During that conference, the court took Defendant's motion for sanctions under advisement and allowed Plaintiff to file supplemental briefing.  (ECF No. 138.)

Plaintiff filed a supplemental response on March 2, 2017, attaching records of communications with opposing counsel to support her assertion that she attempted to timely facilitate production of the medical records. (ECF No. 139.)

On March 28, 2017, the Court issued an order directing Dr. Ziyar to show cause by April 14, 2017, why sanctions should not issue his failure to obey the subpoena. (ECF No. 150.)  The order to show cause was re-issued on May 3, 2017 after proof of service was not returned due to clerical error. (ECF No. 156.)  Receipt of the May 3 order by  was confirmed by FedEx tracking.[2]

Dr. Ziyar did not respond to the orders to show cause.

\\\

\\\

---

[2] FedEx Tracking Number 860506996868, delivered and signed for May 4, 2017, available at https://www.fedex.com/apps/fedextrack/?action=track&trackingnumber=860506996868 (last visited July 20, 2017.)

IV.   **DISCUSSION**

Wells Fargo requests that sanctions be imposed against Plaintiff's counsel, Lenore Albert, and Dr. Ziyar. Because different legal standards apply, the Court will discuss them separately.

### A.   Request For Sanctions - Lenore Albert

#### 1.   Legal Standard

Wells Fargo has moved for sanctions against Plaintiff's counsel under Rule 37(a)(5). (ECF No. 123, p. 2 ¶ 4.) "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir.1983), *citing Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976); *United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). Under Rule 37(a)(5), the court may order a party or the attorney advising that conduct, or both to pay a motion to compel "movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

Even if the "requested discovery is provided after the motion was filed" the court will not order sanctions if the "nondisclosure, response, or objection was substantially justified… or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). The fact that Plaintiff eventually responded to the discovery requests does not preclude imposition of monetary sanctions. *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions."). *See also* Fed. R. Civ. P. 37(a)(5). Notably, "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am. Honda Motor Co.,* 762 F.2d 1334, 1343 (9th Cir. 1985), *citing Lew v. Kona Hosp.,* 754 F.2d 1420, 1427 (9th Cir. 1985); *Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir. 1978).

Plaintiff bears the burden of establishing that her failure to comply was substantially justified. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). "The test for substantial justification is one of reasonableness." *Cathey v. City of Vallejo*, No.

2:14-CV-01749-JAM-AC, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015), (citing *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)). Circumstances outside of the control of Plaintiff are taken into consideration when determining whether there was substantial justification or other circumstances that discourage the application of sanctions. *See Lyon v. Bergstrom Law, Ltd.*, No. 116CV00401DADSKO, 2017 WL 202186, at *2 (E.D. Cal. Jan. 17, 2017) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)).

*2. Analysis*

Wells Fargo complains that Ms. Albert obstructed production of her client's mental health records by refusing to respond to repeated requests for her client's consent for release of the records. Wells Fargo describes trying to contact Plaintiff's counsel at least four times asking for consent to be given, but that Plaintiff's counsel refused to reply to all such requests. (ECF No. 123-1, p. 3 ¶ 9.)

Ms. Albert states that she produced all relevant information in response to Wells Fargo's request for production, and that she was independently attempting to obtain the records from Dr. Ziyar for use in this case. (ECF No. 139, p. 4 ¶ 21.) Following the January 12, 2017 discovery conference where the medical records were discussed, Ms. Albert states that she instructed her client to obtain the records and sent a letter to Dr. Ziyar objecting to production of any medical records dated prior to January 1, 2012 because the Court had just limited the scope of the required production. (ECF No. 124; ECF No. 139, p. 3 ¶ 8.) From January 13-30, Ms. Albert also requested and attempted to obtain the records from Dr. Ziyar. (*Id*. ¶¶ 9-14.) On January 31, Ms. Albert's assistant spoke to Dr. Ziyar's office, who requested that a $100 fee be paid for providing the records. (*Id*. at 4 ¶ 16.) Ms. Albert's assistant paid the $100 fee, and the records were faxed to opposing counsel on January 31. (*Id*. ¶¶ 16-18.)

Although the Court is somewhat troubled by the late consent given to Dr. Ziyar, Ms. Albert's failure to produce the medical records is substantially justified and sanctions will not be imposed against her. It is apparent that the mental health records were never in the possession of Ms. Albert or her client prior to the deposition. While Ms. Albert and her client certainly could have handled the consent for release more efficiently, the Court does not find

that their conduct so unreasonable as to justify the imposition of discovery sanctions. It was Dr. Ziyar that had possession of the records and refused to release them despite being served with a valid subpoena commanding the production, as addressed below.

### B. Request For Contempt Sanctions – Dr. Ziyar

#### 1. Legal Standard

Additionally, Wells Fargo has moved contempt sanctions pursuant to Rule 45(g) against Dr. Latif Ziyar. (ECF No. 123, p. 2 ¶¶ 4-5.) A Rule 45 subpoena *duces tecum* may be issued to obtain discovery from a non-party. *See* Fed. R. Civ. P. 45. "Rule 45 subpoenas permit discovery from nonparties equivalent to discovery from parties under Rule 34." *Scruggs v. Vance*, No. 2:06-CV-0633 KJM KJN, 2011 WL 6368297, at *10 (E.D. Cal. Dec. 19, 2011) (citing Adv. Comm. Note on 1991 Amendment to Fed. R. Civ. P. 45.). A nonparty served with the subpoena *duces tecum* may make objections to production of the information within 14 days after service or before the time for compliance, if less than 14 days. Fed.R.Civ.P. 45(d)(2)(B). "Generally, failure to serve timely objections waives all grounds for objection." *Scruggs*, 2011 WL 6368297, at *10.

"The court … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Scruggs*, 2011 WL 6368297, at *14 (quoting *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D.Md.2001) (citing Advisory Committee Notes to Rule 45(a) 1991 amend. ["Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions"] )). "Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance." *Ibid*. (quoting *Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 778 (9th Cir. 1983)).

#### 2. Analysis

The undisputed facts show that Dr. Ziyar refused to comply with a valid subpoena. Dr.

Ziyar did not object to compliance. Instead, the facts show that Dr. Ziyar demanded payment before his office would comply without a legal basis to do so. Wells Fargo attests that it sent a check to Dr. Ziyar for $100 on January 19, 2017. (ECF No. 123-1, p. 2 ¶ 7.) Similarly, Ms. Albert attests that she *also* paid $100 to Dr. Ziyar and that was when Dr. Ziyar finally produced the medical records. (ECF No. 139, p. 4 ¶¶ 16-18.)

The Court gave Dr. Ziyar an opportunity to respond to facts presented in Wells Fargo's motion on two separate occasions. (ECF Nos. 150, 156.) Dr. Ziyar failed to respond to the orders to show cause. "The failure of a responding party to file a responsive pleading to an order to show cause why a contempt citation should not issue may warrant a finding that the applicant's allegations are uncontested as a matter of law." *Scruggs*, 2011 WL 6368297, at *14 (citing *Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir. 1985)).

Accordingly, the Court grants Wells Fargo's request to hold Dr. Ziyar in civil contempt for its failure to comply with the January 9, 2017 subpoena *duces tecum*.

### V. CONCLUSION

Based on the above, the Court GRANTS in part and DENIES Defendant Wells Fargo's motion to compel and for sanctions (ECF No. 123) as follows:

1) The motion to compel is denied as moot;
2) The request for Rule 37(a)(5) sanctions against Lenore Albert is denied;
3) The request for Rule 45(g) civil contempt sanctions against Dr. Latif Ziyar M.D., Inc. is granted as follows:
    a. Within 14 days, Wells Fargo may file and serve upon Dr. Ziyar a verified statement of its costs and attorney fees associated with its efforts enforce the January 9, 2017 subpoena; and
    b. After receipt, the Court will issue specific findings and recommendations consistent with this order to the district judge.

\\\
\\\
\\\

4) A copy of this order shall be served upon Dr. Ziyar by certified mail or FedEx (<u>signature required</u>) at the following address:

>Latif Ziyar, M.D.
>7335 N. First St. Suite 102
>Fresno, CA 93720

IT IS SO ORDERED.

Dated:  **July 20, 2017**           /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE