UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE NOBLE,<br><br>   Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant. | No. 1:14-cv-01963-DAD-EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 177) |

On August 9, 2017, this court granted a motion for summary judgment brought on behalf of defendant Wells Fargo Bank, N.A. ("Wells Fargo") and entered judgment against plaintiff Brooke Noble as to all of her claims. (Doc. Nos. 174, 175.) This matter now comes before the court on plaintiff Noble's motion for reconsideration of the court's summary judgment order, which she filed on August 22, 2017. (Doc. No. 177.)[1] On September 19, 2017, defendant Wells Fargo filed its opposition. (Doc. No. 179.) On September 26, 2017, plaintiff filed her reply. (Doc. No. 180.) Pursuant to Local Rule 230(g), the court took the matter under submission without oral argument. (Doc. No. 182.) The court has reviewed the parties' submissions, and for

---

[1] Plaintiff moves to alter the court's judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or in the alternative, for relief from that judgment under Rule 60(b). Because her motion essentially seeks reconsideration of the court's summary judgment order and was filed within twenty-eight days of entry of judgment, the court will construe plaintiff's motion as one brought under Rule 59(e). *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

1

the reasons set forth below, plaintiff's motion will be denied.

**LEGAL STANDARD**

Pursuant to the Federal Rules of Civil Procedure, either party may file a motion for reconsideration to alter or amend a judgment within twenty-eight days of entry of that judgment. Fed. R. Civ. P. 59(e). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). A motion for reconsideration, however, "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *accord Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003); *Kona Enters.*, 229 F.3d at 890. Such a motion "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

**DISCUSSION**

Plaintiff Noble alleged three state law causes of action in this case—wrongful death, negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("IIED")—based on alleged conduct by defendant Wells Fargo and its agent Robert Landucci. In its summary judgment order, this court held that evidence of such conduct, viewed in the light most favorable to plaintiff, could not support the conclusion that defendant Wells Fargo owed plaintiff's mother, Marsha Kilgore, a duty of care necessary to establish liability on plaintiff's wrongful death and NIED claims. (Doc. No. 174 at 8–9.) Similarly, the court held that there was no evidence before it on summary judgment that defendant's actions amounted to the

type of extreme and outrageous conduct necessary to prevail on plaintiff's IIED claim. (*Id.* at 10.)

Plaintiff now moves for reconsideration of the court's order with respect to her wrongful death and NIED claims only. (Doc. No. 177.)[2] In her motion for reconsideration, plaintiff primarily argues that her "previously unavailable" declarations now create a genuine issue of fact with regard to whether Wells Fargo owed Ms. Kilgore a duty of care.

**A.      The Court Will Not Consider Arguments Plaintiff Made or Could Have Made on Summary Judgment.**

As an initial matter, plaintiff Noble advances two legal arguments she either made or could have reasonably made in opposing defendant's motion for summary judgment. First, plaintiff argues that Ms. Kilgore's alleged cancellation of the loan on her house in 2006 raises a dispute about whether Wells Fargo had a right to possession of the property at the time of the eviction. (*See* Doc. No. 177 at 18–19.) As this court has noted on numerous occasions, including on summary judgment, that issue is irrelevant to plaintiff's tort claims in this case. (*See* Doc. No. 86 at 12, 14–15; Doc. No. 174 at 6.) Second, plaintiff argues, without relying on any relevant legal authority, that the court should have looked to criminal law governing homicide in its evaluation of whether defendant Wells Fargo owed Ms. Kilgore a duty of care for purposes of evaluating her negligence-based claims. (*See* Doc. No. 177 at 23–29.) Because plaintiff has failed to establish clear legal error or an intervening change in the law, the court declines to consider these arguments. *See 389 Orange St. Partners*, 179 F.3d at 665; *Kona Enters.*, 229 F.3d at 890. Accordingly, plaintiff's motion for reconsideration is denied with respect to these arguments.

**B.      The Court Need Not Consider Plaintiff's Previously Unavailable Declarations.**

Plaintiff's motion for reconsideration principally relies on two of her own declarations, signed after the court granted summary judgment and entered judgment against her. (*See* Doc.

---

[2] To the extent plaintiff seeks reconsideration of the court's order with respect to her IIED claim, she has provided no argument or basis for granting relief, and the motion for reconsideration is therefore denied in that respect.

3

No. 177-3 ("Noble Decl."); Doc. No. 181 ("Suppl. Noble. Decl.").) Plaintiff's counsel, attorney Lenore Albert, represents that since at least February 2017, plaintiff has been and remains incarcerated, and that Ms. Albert had been unable to make contact with her client until after the motion for summary judgment was taken under submission by the court. (*See* Doc. No. 177-1 ("Albert Decl.") ¶¶ 2–3, 8, 12.) Attorney Albert further represents that on August 8, 2017, she finally sent plaintiff Noble a draft of plaintiff's first declaration, an executed copy of which attorney Albert filed with the instant motion for reconsideration. (Albert Decl. ¶¶ 16, 18; *see also* Noble Decl.) On September 27, 2017, plaintiff filed a supplemental declaration. (Suppl. Noble Decl.)

To justify amendment of a judgment based on "newly discovered evidence," plaintiff must "show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon*, 336 F.3d at 1022 (citing *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992–93 (9th Cir. 2001)). In moving for reconsideration, plaintiff fails to satisfy the requirements of this test. Specifically, none of the statements contained in plaintiff's declarations were discovered after judgment was entered in this case. Attorney Albert impliedly admits that she drafted the contents of plaintiff's first declaration, which plaintiff signed without substantial changes, before the court entered its summary judgment order. (*See* Albert Decl. ¶ 16.) Moreover, plaintiff's counsel has not demonstrated she diligently attempted to obtain a signed declaration from her client in time to oppose defendant's motion. While attorney Albert states that she was unfamiliar with the California jail system (*see* Albert Decl. ¶ 15), she provides no reason for why it took until after the hearing on defendant's summary judgment motion to make contact with her client. Nor does she explain why, in light of her knowledge months before that plaintiff was in custody, she never sought to delay briefing on defendant's motion or a decision in response thereto. For these reasons alone, the court need not consider plaintiff's newly submitted declarations and will deny her motion for reconsideration.

/////

**C.     Plaintiff's Declarations Would Not Have Altered the Court's Prior Conclusions.**

Even if the court were to consider the substance of plaintiff's newly submitted declarations, that evidence fails to create a genuine dispute with respect to whether defendant Wells Fargo owed Ms. Kilgore a duty of care. The court previously observed that, based on plaintiff's allegations, Wells Fargo could have assumed a duty of care toward Ms. Kilgore as a result of either Mr. Landucci's involvement in the eviction or Wells Fargo's failure to provide relocation assistance. (*See* Doc. No. 86 at 14–15; *see also* Doc. No. 174 at 8). However, none of plaintiff's statements set forth in her belated declarations supports the conclusion that such a duty existed.

        1.     <u>Mr. Landucci's Involvement in the Eviction</u>

The evidence before the court on summary judgment established that during the first eviction attempt on May 6, 2017, Mr. Landucci gave plaintiff and Ms. Kilgore additional time to pack their belongings and to vacate the premises. (Doc. No. 174 at 8–9.) The evidence also demonstrated that when Mr. Landucci returned to the property on May 7, 2013, he neither touched Ms. Kilgore nor involved himself in unplugging Ms. Kilgore's oxygen concentrator. (*Id.* at 9.) Based on this uncontroverted evidence, the court held that Mr. Landucci's conduct during the eviction could not have given rise to a duty of care toward Ms. Kilgore.

Plaintiff's new declarations do not dispute these facts. Instead, plaintiff merely offers vague assertions regarding the use of force—that Ms. Kilgore was "forced" to unplug her oxygen tank and that she and Ms. Kilgore were "forcibly evicted" from the home—without explaining the nature of any force used or the manner by which defendant exerted such force. (*See* Noble Decl. ¶¶ 38, 41, 81, 100.) Plaintiff also indicates that the eviction did not feel consensual (*see* Noble Decl. ¶¶ 80–81), that she felt threatened by both Mr. Landucci and law enforcement officials (*see* Noble Decl. ¶¶ 42–46; Suppl. Noble Decl. ¶¶ 12–13), and that she and her mother believed they had no option but to comply with the eviction order (*see* Noble Decl. ¶¶ 100–01). These statements have little bearing on Mr. Landucci's affirmative conduct toward plaintiff and Ms. Kilgore, and they have no bearing on whether Mr. Landucci's conduct gave rise to a duty of care. Where she does present evidence of Mr. Landucci's conduct, plaintiff's new declarations largely

5

confirm the evidence previously before the court on summary judgment. For instance, plaintiff states that on May 6, 2013, Mr. Landucci "saw the oxygen concentrator and told me I had one more day to pack up because he said there was too much stuff inside the house still." (Noble Decl. ¶ 34.) Plaintiff also admits that on the following day, May 7, 2013, "although [Mr. Landucci] didn't personally unplug [Ms. Kilgore's] oxygen concentrator he looked at his watch and motioned toward her machine indicating it was time to leave that no more time would be granted for us to stay there . . . ." (Suppl. Noble Decl. ¶ 14.)

Taken as a whole, plaintiff's new declarations are entirely consistent with the court's prior conclusion that Mr. Landucci was not physically involved in removing plaintiff and her mother. Thus, even if the court were to consider plaintiff's new declarations, it finds no new evidence which would create a genuine dispute of material fact concerning Mr. Landucci's conduct during the eviction.

2. <u>Wells Fargo's Relocation Assistance Program</u>

On summary judgment, the court concluded that while defendant Wells Fargo had a relocation assistance program, the parties presented no evidence that (i) Ms. Kilgore expressly sought such assistance during the appropriate time frame, or (ii) defendant Wells Fargo affirmatively made any assurance or promise that it would provide such assistance, such that Ms. Kilgore could have reasonably relied on defendant's conduct in that regard. (Doc. No. 174 at 9.)

Plaintiff's new declarations fail to address either of these deficiencies, and the court finds no basis for amending its prior judgment with respect to defendant's alleged failure to provide relocation assistance. Instead, plaintiff argues once again that defendant Wells Fargo owed Ms. Kilgore a duty of care because it failed to send Ms. Kilgore a letter regarding eligibility for relocation assistance. (*Compare* Doc. No. 160 at 1–3, *with* Doc. No. 177 at 13–18.) The court declines to revisit this argument which has previously been addressed. *See 389 Orange St. Partners*, 179 F.3d at 665; *Kona Enters.*, 229 F.3d at 890.

**CONCLUSION**

In sum, this court previously held that the evidence before it on summary judgment completely failed to support the conclusion that defendant Wells Fargo owed a duty of care

toward Ms. Kilgore.  Plaintiff's motion for reconsideration fails to present any newly discovered evidence, establish any clear error, or identify any intervening change in law to justify amendment of the court's prior ruling and judgment.  Accordingly, plaintiff Noble's motion for reconsideration (Doc. No. 177) is denied.

IT IS SO ORDERED.

Dated: **October 6, 2017**

UNITED STATES DISTRICT JUDGE